UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08063-ODW (JCx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Daniel Brewer v. Aura Recinos et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**       **In Chambers**

    Presently before the Court is Plaintiff Daniel Brewer's Motion to Remand, currently set for hearing on October 27, 2025. (Mot. Remand ("Motion" or "Mot."), ECF No. 9.) Pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument, **VACATES** the hearing, and **GRANTS** the Motion.

    Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a). Where a defendant invokes diversity of citizenship as the basis of the court's subject matter jurisdiction, the Supreme Court has consistently held 28 U.S.C. § 1332 requires complete diversity. *E.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). The presence of a single defendant from the same state as a single plaintiff deprives federal courts of original diversity jurisdiction. *Id.* The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

    Plaintiff raises serious "doubt as to [Defendants'] right of removal in the first instance." *Id.* In their Notice of Removal, Defendants claimed that this Court has diversity jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08063-ODW (JCx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Daniel Brewer v. Aura Recinos et al* | | |

over this matter. (Notice Removal ¶ 8, ECF No. 1.) They claimed that complete diversity of citizenship exists because Plaintiff is a citizen of California and Defendants BAS Services and Recinos are both citizens of Nevada. (*Id.* ¶ 10.) However, in his Motion, Plaintiff alleges that Defendant Recinos is actually a citizen of California, which destroys complete diversity in this matter. (Mot. 5.) In support of this argument, Plaintiff also submits the sworn declaration of a private investigator. (Decl. Lloyd Johnson ISO Mot., ECF No. 9-3.) According to the private investigator, Defendant Recinos has lived in Los Angeles for over twenty-five years and maintains a California driver's license. (*Id.* ¶ 4.) These facts would contradict Defendant Recinos' claim that she is a citizen of, and domiciled in, the state of Nevada. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (noting that "current residence" and "driver's license" are pertinent factors when determining an individual's domicile).

Defendants have failed to rebut any of these allegations or oppose the Motion. This alone is enough for the Court to accept all of Plaintiffs' allegations as true and grant the Motion. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding dismissal of a plaintiff's complaint based on plaintiff's failure to oppose a motion as required by local rules).

More concerningly though, it appears that Defendants' counsel does not know where their own client is domiciled. On October 3, 2025, Defendants filed an ex parte application, seeking two additional weeks to file an opposition to the Motion. (Ex Parte Appl., ECF No. 10.) In the application, Defendants represent that they have not been able "to complete the factual investigation required to prepare a complete and accurate opposition." (*Id.* at 2.) Moreover, in a declaration submitted in lieu of an opposition brief, Defendants' counsel seemingly confirms that the investigation into their client's domicile is not complete. (*See* Decl. David H. Kwasniewski ¶ 5, ECF No. 13 ("In the course of attempting to investigate the issues raised by Plaintiff's Motion to Remand . . . .").)

Before filing this action, Defendants' counsel should have conducted a "reasonable investigation of the client's domicile" prior to filing a diversity action in federal court. *Hendrix v. Naphtal*, 971 F.2d 398, 400 (9th Cir. 1992). Their failure to do so is inexcusable. And combined with Plaintiff's unrebutted allegations regarding Defendant Recinos's domicile, Defendants' counsel's lack of investigation raises serious doubts as to whether this Court has subject matter jurisdiction. *Gaus*, 980 F.2d at 566.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08063-ODW (JCx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | *Daniel Brewer v. Aura Recinos et al* | | |

Accordingly, the Court **GRANTS** Brewer's Motion to Remand. (ECF No. 9.) This action is hereby **REMANDED** to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill St., Los Angeles, California 90014, Case No. 25STCV10429.

**IT IS SO ORDERED**.

: 00

Initials of Preparer   SE